William Carle
vs. } Eq. No. 12427.
Maurice D'Hont

November 12, 1934.

WALSH, J. Heard on exceptions to report of Master.

This is a bill in equity brought by defendant in a law action against plaintiff therein. The action at law seeks to recover damages by reason of the construction of a dam by the present complainant which caused water to flow over and upon the premises of the present respondent. The complainant seeks relief from a Court of equity on grounds of irreparable damage and multiplicity of suits.

On November 8, 1933, a decree was entered by consent of the parties referring the matter to J. Earle Brown, Esq., Master in Chancery. "with directions to hear the parties and their witnesses and to determine the cause of the flooding of the property of said respondent, the liability therefor and the damages resulting therefrom, if it should be found that the same is caused by the dam erected by the complainant * * *".

The Master filed his report April 17, 1934, in which he says, "Accordingly, I find that there was no negligence on the part of defendant in anything that he did in enlarging his pond or in anything else. I find further that any flooding of plaintiff's real estate has come, and now comes, from ground

water and water from the hills east or nearly east of plaintiff's real estate."

Respondent filed five specific exceptions to the Master's report on July 18, 1934, viz.:

1. To the finding that the respondent had not shown by a fair preponderance of the testimony that the water came into respondent's cellar by percolation from complainant's pond.

2. To the finding of no negligence on part of complainant.

3. To the finding that the flooding of the respondent's premises has come and now comes from ground water and drainage from the hills easterly of respondent's premises.

4. To the failure of the Master to make a specific finding as to the alleged damage to the well on respondent's premises.

5. To the finding of the Master of "on negligence" on part of complainant, claiming, apparently, that an allegation of negligence in this type of case is unnecessary.

The gist of this case is the settlement of the question where the water, which at times appears in the cellar, garage and well of respondent, comes from. The Master heard witnesses including two surveyors (the testimony of these witnesses has been submitted to us and by stipulation of counsel it is agreed shall be considered by us as if witnesses had appeared in person and were examined before us). We have read this transcript carefully. The dam was erected in its present condition in 1928. No water appeared in respondent's premises until 1931. It is admitted that the only way water could get from complainant's pond to the respondent's premises was by seepage. The nearest wall of respondent's cellar is 98 feet from the dam. A test hole dug between this wall and the dam about 40 feet from the dam and to a depth of 1½ feet below the level of the water at the dam showed but 1½ inches of water after an appreciable lapse of time. It also appeared that the water which did collect at times in respondent's cellar drained off shortly and did not maintain a level comparable to the height of water at the dam. The soil between the house and dam is sand and gravel. To the north and east of respondent's house lie a few small hills whose natural watershed is down and upon respondent's premises. This land to the east of the house is a ledge coming to within two feet of the surface of the ground. This Court took a view of the premises during the present hearing.

We are convinced that the respondent has not shown by a fair preponderance of the evidence that the water which invades his cellar, garage and well comes from the complainant's pond. We are inclined to agree with the finding of the Master that it is ground water, probably from the drainage of the hills to the north and east of the house. The Master did not make a specific finding as to the well mentioned by respondent but we feel that he had the well in mind when he said, "I find further that any flooding of plaintiff's *real estate* has come * * * etc."

The Master was charged in the decree appointing him with the duty of determining "the cause of the flooding of the property of said respondent, *the liability therefor*, * * * etc." Under this order, we cannot see that it was improper for him to make a finding that no negligence on the part of complainant was shown.

The exceptions to the report of the Master are overruled.

For complainant: Elphege J. Diagnault.

For respondent: Samuel H. Brenner.